IN THE SUPREME COURT OF THE STATE OF DELAWARE

GERONTA FUNDING, a Delaware statutory trust,

    Defendant-Counterclaim Plaintiff Below, Appellant,

v.

BRIGHTHOUSE LIFE INSURANCE COMPANY,

    Plaintiff-Counterclaim Defendant Below, Appellee.

§
§
§ No. 103, 2019
§
§ Court Below—Superior Court
§ of the State of Delaware
§
§ C.A. No. N18C-04-028
§
§
§
§
§
§
§
§
§

Submitted: March 15, 2019
Decided: March 28, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

After considering the notice of appeal and supplemental notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)    This interlocutory appeal arises from a Superior Court bench ruling and opinion granting in part and denying in part cross-motions for judgment on the pleadings. As requested by both parties, the Superior Court held that a life insurance policy issued by the appellee, Brighthouse Life Insurance Company, to a fictitious individual and later purchased by Geronta Funding on the secondary market was

void *ab initio*. The Superior Court denied Geronta Funding's request for rescission of the insurance policy and a full refund of all paid premiums, finding that rescission of a void contract is not available under Delaware law. The Superior Court denied Brighthouse's request to leave the parties as they were, finding that Brighthouse might be unjustly enriched if it could keep all of the paid premiums and therefore restitution might be an appropriate remedy. The Superior Court also found that further development of the record was necessary to determine if Brighthouse had an offset claim.

(2) On February 22, 2019, Geronta filed an application for certification of an interlocutory appeal. Geronta argued that certification was appropriate because, among other things, the opinion resolved a question of law decided for the first time in Delaware, the opinion conflicted with decisions of the United States District Court for the District of Delaware, and interlocutory review could terminate the litigation. Brighthouse opposed the application. On March 19, 2019, the Superior Court denied the application for certification. The Superior Court found that its decision followed Delaware law, there was no conflict in the decisions of the state courts, the decisions of the Delaware District Court were distinguishable, and interlocutory review would not terminate the litigation because even if the insurance policy was rescinded, Brighthouse's offset claim had to be resolved.

(3)     We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[1]  In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  The case is not exceptional,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Supr. Ct. R. 42(d)(v).
[2] Supr. Ct. R. 42(b)(ii).
[3] Supr. Ct. R. 42(b)(iii).